Case Nos. 08-6468, 08-6538

United States Court of Appeals for the Sixth Circuit

MARCUS CAREY,
Plaintiff – Appellant/Cross-Appellee,

v.

STEPHEN D. WOLNITZEK, ET AL.,
Defendants – Appellees/Cross-Appellants

On Appeal from the United States District Court
for the Eastern District of Kentucky
The Honorable Karen K. Caldwell, Judge
Civil Action No. 3:06-cv-36

Joint Reply Brief of Appellees/Cross-Appellants

Mark R. Overstreet
STITES & HARBISON, PLLC
421 W. Main St.
Frankfort, KY  40602
(502) 223-3477

Bethany A. Breetz
Jamie K. Neal
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
(502) 587-3400
*Counsel for Kentucky Inquiry Commission and Kentucky Bar Counsel Defendants*

R. Gregg Hovious
FULTZ MADDOX HOVIOUS & DICKENS PLC
2700 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3116
(502) 588-2000

George F. Rabe
LAW OFFICES OF GEORGE F. RABE
167 West Main Street, Suite 1004
Lexington, KY  40507
(859) 255-2313
*Counsel for Judicial Conduct Commission Defendants*

**TABLE OF CONTENTS**

ARGUMENT…………………………………………………………………….1

I.      The Solicitation Clause is Constitutional…………………………………1

      A.      The Solicitation Clause is Narrowly Tailored to Further
a Compelling Interest……………………………………………1

      B.      The Solicitation Clause is Not Unconstitutionally Overbroad ………5

II.     The Partisan Activities Clause is Constitutional……………………….6

      A.      The Partisan Activities Clause is Narrowly Tailored to
Further a Compelling Interest……………………………………...6

      B.      The Partisan Activities Clause Reasonably Serves Kentucky's
Compelling Interest in The Reality and Appearance of an Impartial
and Unbiased Judiciary…………………………………………….9

CONCLUSION……………………………………………………………...10

Certificate of Compliance with Rule 32(a)…………………………………..11

Certificate of Service……………………………………...…………………11

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Spear*, 356 F.3d 651 (6th Cir. 2004) ..................................................... 2

*Bauer v. Shepard*, 2009 U.S. Dist. LEXIS 57724
(N.D. Ind. July 7, 2009) ................................................................................. 4, 5, 7, 8, 9

*Caperton v. A. T. Massey Coal Co.*, 129 S. Ct. 2252, 2266-67 (2009) ..................... 2

*In re Dunleavy*, 838 A.2d 338 (Me. 2003) ................................................................ 8

*In the Matter of Raab*, 793 N.E.2d 1287 (N.Y. 2003) ............................................... 8

*Simes v. Arkansas Judicial Discipline and Disability Comm'n*,
247 S.W.3d 876 (Ark. 2007) ...................................................................................... 3

*Stretton v. Disciplinary Bd. of Supreme Court of Pennsylvania*,
944 F.2d 137 (3rd Cir. 1991) ..................................................................................... 3

## ARGUMENT

The district court erred in declaring the Solicitation and Partisan Activities Clauses unconstitutional and enjoining their enforcement. Both clauses appropriately and permissibly balance Kentucky's constitutional due process interests with a judicial candidate's right to engage in political expression, which is only marginally impacted in both instances.

## I.    The Solicitation Clause is Constitutional.

Mr. Carey begins his argument with an unfortunate statement that the Appellees/Cross-Appellants "offer[] no case law" in appealing the district court's ruling on the Solicitation Clause. (Appellant's Response/Reply Brief at 14.) This statement either overlooks or deliberately ignores the citation in the initial brief of Appellees/Cross-Appellants to no fewer than four judicial decisions that have upheld variations on the Solicitation Clause. (Appellees'/Cross-Appellants' Brief at 32-55.)

### A.    The Solicitation Clause is Narrowly Tailored to Further a Compelling Interest

While the Appellee/Cross-Appellants contend that intermediate scrutiny provides the appropriate standard of review for the reasons set forth in their initial brief (at 1—16), the Solicitation Clause also passes constitutional muster under the more rigorous standard of strict scrutiny for which Mr. Carey argues. Accordingly, and having previously stated at length their arguments for the application of

intermediate scrutiny, Appellees/Cross-Appellants direct this reply at the standard of review Mr. Carey urges.

Mr. Carey mischaracterizes the state interests at issue with regard to the Solicitation Clause by contending that "openmindedness" and judicial impartiality are the only interests Kentucky seeks to protect. (Appellant's Response/Reply Brief at 15.) This contention also either overlooks or ignores abundant precedent holding that states have a compelling constitutional interest in the appearance, as well as the actuality, of an impartial and unbiased judiciary.

Specifically, this Court, the U. S. Supreme Court, and others have recognized this interest as a compelling one with constitutional due process dimensions. *Anderson v. Spear*, 356 F.3d 651, 670 (6th Cir. 2004) (avoiding appearance of corruption meets burden of demonstrating a sufficiently important state interest); *Caperton v. A. T. Massey Coal Co.*, ___ U. S. ___, 129 S. Ct. 2252, 2266-67 (2009). While the Solicitation Clause indeed promotes the additional compelling state interests of preserving judicial impartiality and fairness, Mr. Carey cannot simply disregard the state's legitimate due process interest in also promoting the appearance of an honest and impartial judiciary.

Mr. Carey proceeds to state, without citation to any empirical date or evidence, that the Solicitation Clause "does not significantly reduce the risk of judicial partiality" because it "does not prevent a judicial candidate … from knowing who has donated to his campaign." (Appellant's Response/Reply Brief at

2

15-6.) However, Mr. Carey must admit that the Solicitation Clause constitutes a prophylactic measure that a judicial candidate must overcome, and an additional step that a judicial candidate must take, in order to obtain such knowledge. Moreover, Mr. Carey offers nothing to dispute that the general public, like the elected justices of the Supreme Court who enacted the Solicitation Clause, may well view the ban on direct solicitation as acknowledging and reasonably addressing a concern about the potential pitfalls and adverse appearances that are inherent in direct fundraising by judicial candidates. In both regards, the Solicitation Clause reflects a reasonable effort by the state at balancing its constitutional interests, including in the appearance of a fair and honest judiciary, with the First Amendment interests of judicial candidates.

In fact, Mr. Carey's argument suggests just how little the Solicitation Clause impacts a judicial candidate's ability to raise campaign cash. Soliciting via a committee prevents the application of direct pressure on the contributor and addresses the negative impact the appearance of direct solicitation may have on public confidence in the judiciary, but does not seriously compromise the candidate's ability to obtain contributions needed to run an effective race.

Thus, and as noted above, several courts have found similar variations on the Solicitation Clause to be narrowly tailored to serve a compelling interest. See, *Stretton v. Disciplinary Bd. of Supreme Court of Pennsylvania*, 944 F.2d 137, 145-46 (3rd Cir. 1991); *Simes v. Arkansas Judicial Discipline and Disability Comm'n*,

3

247 S.W.3d 876, 882-3 (Ark. 2007); and *Bauer v. Shepard*, 2009 U.S. Dist. LEXIS 57724, *121 (N.D. Ind. July 7, 2009).

The plaintiff in *Bauer* unsuccessfully advanced virtually the same arguments as Mr. Carey does here (perhaps because the same counsel represents both). The version of the solicitation clause at issue in *Bauer* also prohibited judges or judicial candidates from soliciting funds other than through a campaign committee. *Id*. at *116-17. The *Bauer* court appropriately noted that the clause served several state interests including judicial fairness, impartiality, independence and integrity, among others. *Id*. at *119. The court therefore declared that the provision safeguarded the judiciary from improper influences while promoting public confidence in the independence and impartiality of the judiciary. *Id*. Notwithstanding the plaintiff's contentions that the clause was not 100% effective, the court found the provision "narrowly tailored to serve judicial fairness, impartiality, independence, and integrity, as well as the principles of justice and the rule of law." *Id*. at *121.

Like Mr. Carey here, the *Bauer* plaintiff also argued the clause was unconstitutionally underinclusive by prohibiting personal solicitations by judicial candidates although those candidates could, by additional effort, know who had donated to their campaigns and by failing to forbid acceptance of unsolicited contributions. The court duly concluded that, nonetheless:

4

> The restriction promotes the principles of justice and the rule of law by building barriers between judges and partisan politics and giving added insurance that judges will decide cases based upon the law applied to the facts, rather than solicitations accepted or turned away, money paid or not, and contributions made or not.

*Id*. at *120.

Kentucky's Solicitation Clause is narrowly tailored to protect the appearance of an impartial and unbiased judiciary as much as it safeguards against actual abuses. Further, as in *Bauer*, it protects Kentucky's due process concerns without placing undue restraints on Mr. Carey's ability to indirectly solicit and obtain campaign donations. The Solicitation Clause is narrowly tailored and should survive even strict scrutiny because it allows Mr. Carey to solicit campaign contributions and does not limit the amount of contributions he collects or the content of the solicitations he uses. This Court should therefore approach its review of the Solicitation Clause with an appropriate deference to the state's line-drawing between competing constitutional concerns.

### B. The Solicitation Clause is Not Unconstitutionally Overbroad

Mr. Carey next argues, baselessly, that the Solicitation Clause imposes "a total prohibition on soliciting funds." (Appellant's Response/Reply Brief at 18.) This assertion suffers from its own sort of overbreadth since the Solicitation Clause leaves candidates free to solicit funds via committees.

5

Mr. Carey exaggerates further by claiming that the clause is overbroad because it precludes him from soliciting from out-of-state acquaintances who "have no likelihood of appearing before" him. *Id*. at 19. This Court can, and should, take judicial notice that state boundaries present no bar to a person's coming before a state court. Nor is a judge required to recuse merely because a litigant is an "acquaintance."

For these reasons, and as stated in Appellees'/Cross-Appellants' initial brief, the district court erred in finding the Solicitation clause unconstitutional.

## II.   The Partisan Activities Clause is Constitutional

### A.   The Partisan Activities Clause is Narrowly Tailored to Further a Compelling Interest

Like the Solicitation Clause, the Partisan Activities Clause is narrowly tailored to further Kentucky's compelling constitutional interest in the actuality and appearance of an impartial and unbiased judiciary. *See*, I.A., above. Mr. Carey, however, ignores the established precedent identifying the interests at issue and claims the only interests the Partisan Activities Clause serves are judicial impartiality, openmindedness, maintaining non-partisan judicial elections, and public confidence in the courts. While those are certainly significant interests, they are not the exclusive interests involved here.

While ignoring the full extent of the state's compelling interest, Mr. Carey erroneously implies that the Partisan Activities Clause somehow restricts "party

6

membership by judges" and "prohibits a judge or candidate from belonging to a political party altogether." (Appellants' Response/Reply Brief at 20, 22-3.) Relying on these incorrect assertions, Mr. Carey claims the Partisan Activities Clause is not narrowly tailored to serve the state's interest in judicial impartiality and openmindedness.

    Mr. Carey's arguments reflect a misreading or fundamental misunderstanding of the actual substance of the Partisan Activities Clause. The Partisan Activities Clause preserves Mr. Carey's freedom to affiliate with a political party. It merely limits his ability to affirmatively campaign as a partisan in Kentucky's non-partisan judicial elections. As with the clause at issue in *Bauer,* Kentucky's Partisan Activities Clause permits judicial candidates to attend political dinners and similar events and to purchase a ticket for such an event and a ticket for a guest. *Bauer*, 2009 U.S. Dist. LEXIS 57724. Like Mr. Carey here, the *Bauer* plaintiff argued the clause was unconstitutionally underinclusive and overbroad. *Id.* at \*113. The court "was not persuaded by [plaintiff's] underinclusive, overbroad, and vagueness arguments" and recognized the clause "is not as restrictive on speech and association as [plaintiff] makes it out to be." *Id*. The *Bauer* court noted "the interests served by this restriction extend well beyond open-mindedness and include, as the [court] noted earlier, judicial independence, integrity and impartiality, as well as the principles of justice and the rule of law." Id. at \*114. Further, the court stated:

> [T]o be constitutional the Partisan Activities Restriction and the other rules related to Canon 4 need not address all other potential associations and activities, which may be more appropriately addressed by general rules such as the disqualification requirement. The rules regulating the political and campaign activities of judges and judicial candidates are tailored to address the special threats to judicial fairness, impartiality, independence, and integrity, as well as the principles of justice and the rule of law, that are posed by involvement in ordinary political and campaign activities in public elections.

*Id*. at *115-16.  Ultimately, the *Bauer* court upheld the clause as constitutional and narrowly tailored to serve the state's interests.  *Id*. at *116.

Here, as in *Bauer*, Kentucky's Partisan Activities Clause is narrowly tailored to serve Kentucky's compelling interest in an impartial and unbiased judiciary, and the appearance of the same.  The restrictions on judicial candidates are addressed at special threats in the context of non-partisan elections mandated by the state constitution.  By allowing a candidate to maintain his party membership and identify his affiliation in response to direct questions, the Partisan Activities Clause strikes a reasonable balance between the state's and a judicial candidate's competing interests.  *See, e.g., In the Matter of Raab*, 793 N.E.2d 1287, 1292-93 (N.Y. 2003); *and*, *In re Dunleavy*, 838 A.2d 338 (Me. 2003), *cert. denied*, 541 U.S. 960 (2004).  Accordingly, the Partisan Activities Clause only marginally limits a candidate's ability to identify his party affiliation while satisfying the state's constitutional requirement for nonpartisan elections.

8

### B.   The Partisan Activities Clause Reasonably Serves Kentucky's Compelling Interest in The Reality and Appearance of an Impartial and Unbiased Judiciary.

Mr. Carey claims, without empirical data or evidence, that the Partisan Activities Clause undermines the public confidence in the court and claims voters would be better served if they could learn a judicial candidate's party affiliation. Suffice it to say that the state's duly considered policy judgment differs from Mr. Carey's. As noted in *Bauer*, "there is an important need to maintain a judiciary that is (and appears to be) fair, independent, and impartial." *Bauer*, 2009 U.S. Dist. LEXIS 57724 at *114.

Moreover, the Partisan Activities Clause is not as restrictive as Mr. Carey claims. Indeed, voters to whom this information is important may learn a judicial candidate's party affiliation because the clause allows a candidate to identify his affiliation in response to a direct question. In addition, it allows Mr. Carey to maintain his party affiliation and attend political events during his campaign. Accordingly, the Partisan Activities Clause is reasonably tailored to protect Kentucky's due process concerns without placing unconstitutional restraints on Mr. Carey's ability to affiliate with a political party or identify his affiliation.

## CONCLUSION

The district court erred in finding that Kentucky's Solicitation and Partisan Activities Clauses are unconstitutional and erred in enjoining enforcement of those provisions. This Court should reverse the district court's ruling as to the

Solicitation and Partisan Activities Clauses and remand to the district court with instructions to uphold those clauses as constitutional and dismiss Mr. Carey's claims. Further, this Court should affirm the ruling of the district court upholding the constitutionality of Kentucky's Commits Clause.

| | |
|---|---|
| /s/ Bethany A. Breetz<br>Mark R. Overstreet<br>STITES & HARBISON, PLLC<br>421 W. Main St.<br>Frankfort, KY 40602<br>(502) 223-3477<br><br>Bethany A. Breetz<br>Jamie K. Neal<br>STITES & HARBISON, PLLC<br>400 West Market Street, Suite 1800<br>Louisville, KY 40202-3352<br>(502) 587-3400<br>*Counsel for Kentucky Inquiry Commission and Kentucky Bar Counsel Defendants* | /s/ R. Gregg Hovious<br>R. Gregg Hovious<br>FULTZ MADDOX HOVIOUS & DICKENS PLC<br>2700 National City Tower<br>101 South Fifth Street<br>Louisville, KY 40202-3116<br>(502) 588-2000<br><br>George F. Rabe<br>LAW OFFICES OF GEORGE F. RABE<br>167 West Main Street, Suite 1004<br>Lexington, KY 40507<br>(859) 255-2313<br>*Counsel for Judicial Conduct Commission Defendants* |

## Certificate of Compliance with Rule 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2)(B) and 32(a)(7)(B) because:

   this brief contains 2,059 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportionately spaced typeface using <u>Microsoft Word 2003</u> with <u>14 pt. Times New Roman</u>.

   /s/ R. Gregg Hovious
   R. Gregg Hovious, Attorney for
   Appellees/Cross-Appellants

## Certificate of Service

I certify that on August 31, 2009, I electronically filed the foregoing Reply Brief of Appellees/Cross-Appellants and that the brief will be served via the Sixth Circuit a notice of electronic filing to the following:

James Bopp, Jr.: jboppjr@aol.com
And Anita Y. Woudenberg, Anita Yvonne: awoudenberg@bopplaw.com, jboppjr@aol.com, jneeley@bopplaw.com

   s/ R. Gregg Hovious
   Counsel for Judicial Conduct
   Commission Defendants